UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Criminal Case No. 13-20957

Collin Campy Campbell,            Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS VIOLATION PETITION COUNT II

This Court accepted a transfer of jurisdiction as to Defendant's supervised release. After Defendant pleaded guilty to a supervised release violation before this Court and the matter was scheduled for sentencing, Defense Counsel filed a Motion to Dismiss. This motion asks the Court to dismiss the supervised release violation, making a legal argument as to why there was no violation. The Court concludes that the issues are adequately presented in the briefs and that a hearing is not warranted. Local Rule 1.1 & Local Rule 7.1(f); Local Criminal Rule 1.1. As explained below, the Court concludes that Defendant's legal argument is without merit and the motion is denied.

### BACKGROUND

In Criminal Case Number 11-CR-00770, in the United States District Court for the Southern District of California, Defendant Collin Campy Campbell ("Campbell") pleaded guilty to possession of images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Campbell was sentenced to 36 months imprisonment and a 10-year term of supervised release.

1

After Campbell's release from prison, this Court accepted a transfer of jurisdiction as to his supervised release.

On or about June 19, 2019, a supervised release Violation Petition was filed by Campbell's probation officer, stating that he believes that Campbell violated two conditions of his supervised release. Only one of them, Violation Two, is at issue.[1] As to Violation Two, the Violation Petition alleges as follows:

> 2. Violation of Special Condition: "NOT POSSESS ANY MATERIALS SUCH AS VIDEOS, MAGAZINES, PHOTOGRAPHS, COMPUTER IMAGES OR OTHER MATTER THAT DEPICTS "SEXUALLY EXPLICIT CONDUCT" INVOLVING CHILDREN AND/OR ADULTS, AS DEFINED BY 18 U.S.C. § 2256(2); AND NOT PATRONIZE ANY PLACE WHERE SUCH MATERIALS OR ENTERTAINMENT ARE AVAILABLE."
>
> On May 23, 2019, an anime comic book, "How to Build a Dungeon: Book of the Demon King," found in CAMPBELL's possession contained depictions of a character described as "Mary-child," in sexual situations.

(ECF No. 9 at PageID.25). Thereafter, counsel was appointed for Campbell and this Court scheduled a supervised release violation hearing for July 10, 2019.

On July 10, 2019, Campbell pleaded guilty to Violation Number Two. After being sworn, Campbell testified that he wished to plead guilty after having reviewed the Violation Petition with his attorney and stated that his attorney had answered all of his questions:

> THE COURT: And it's my understanding that you wish to plead guilty to violating the two special conditions that I just stated here on the record. Is that true?
>
> DEFENDANT CAMPBELL: Yes, Your Honor.
>
> THE COURT: All right. Have there been any threats or promises made to

---

[1] After Campbell pleaded guilty to both violations, the parties stipulated to dismissing Count One of the Violation Petition.

you to plead guilty here this morning to the two violations?

DEFENDANT CAMPBELL: No, Your Honor.

THE COURT: And have you, in fact, reviewed the petition with your attorney?

DEFENDANT CAMPBELL: Yes, Your Honor.

THE COURT: And has your attorney answered each and every question that you've had regarding the allegations contained in the petition, as well as the possible sentencing consequences of pleading guilty here today?

DEFENDANT CAMPBELL: Yes, Your Honor.

THE COURT: Do you understand that by pleading guilty, I can send you to prison for up to two years?

DEFENDANT CAMPBELL: Yes, Your Honor.

THE COURT: Is that correct, Mr. Lievense?

MR. LIEVENSE: Yes.

THE COURT: Mr. Epstein?

MR. EPSTEIN: Yes, it is.

THE COURT: And do you understand the guidelines, which are advisory, have been scored at three to nine months in jail?

DEFENDANT CAMPBELL: Yes, Your Honor.

THE COURT: Okay. Do you have any questions for the Court before we proceed further?

DEFENDANT CAMPBELL: No, Your Honor.

THE COURT: Okay. And have you discussed the possible sentencing consequences of pleading guilty here today with your attorney?

DEFENDANT CAMPBELL: Yes, Your Honor.

(ECF No. 18 at PageID.48-49). This Court then addressed Violation Two with Campbell:

> THE COURT: Okay. And next violation, Violation Number Two, "Not possess any material, such as videos, magazines, photographs, computer images, or other matter that depicts sexually explicit conduct involving children and/or adults, as defined by 18 U.S.C. Section 2256(2), and not patronize any place where such materials or entertainment are available," how do you wish to plead, not guilty or guilty?
>
> DEFENDANT CAMPBELL: Guilty.
>
> THE COURT: What is it that you did which makes you believe that you've violated that special condition?
>
> DEFENDANT CAMPBELL: I ordered an anime comic book off Amazon that depicts sexually explicit conduct.
>
> THE COURT: Okay. What was the animated comic book?
>
> DEFENDANT CAMPBELL: How to Build a Dungeon, Book of the Demon King.
>
> THE COURT: And did that contain depictions of a character described as "Mary-Child," Mary dash Child in sexual situations?
>
> DEFENDANT CAMPBELL: Yes, Your Honor.

(ECF No. 18 at PageID.50-51). Thereafter, counsel for both parties stated that they were satisfied with the factual basis for Campbell's guilty plea as to Violation Two and this Court accepted Campbell's guilty plea and set a sentencing date. (*Id.*).

The sentencing date was reset for September 20, 2019. On that date, however, Campbell's counsel advised the Court that Campbell may wish to file a motion seeking to withdraw his guilty plea. As such, this Court ordered that Campbell would have to file any such motion by September 27, 2019. (*See* 9/20/19 Docket Entry).

Campbell did not file a motion seeking to withdraw his guilty plea as to Violation Two.[2] Rather, on September 25, 2019, Campbell filed a "Motion To Dismiss Violation Petition Count II." (ECF No. 21). The Government opposes the motion.

## ANALYSIS

In the pending Motion to Dismiss, Campbell asks the Court to "dismiss violation count II of the petition under Rule 32.1(b)." (*Id*. at PageID.66) (*see also* PageID.65, stating "[p]ursuant to F. R. Crim.P. 32.1(b)(1)(c) if a judge does not find probable cause of a violation 'the judge must dismiss the proceeding.'").

Fed. R. Crim. P. 32.1 governs "Revoking or Modifying Probation or Supervised Release." The subsection of that rule that Campbell's brief directs the Court to relates to preliminary hearings that are conducted to determine if there is probable cause to believe a violation has occurred and provides that "[i]f the judge finds probable cause, the judge must conduct a revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding." Fed. R. Crim. P. 32.1(b). Rule 32.1 provides that a person charged with a supervised release violation can waive a preliminary hearing, during which the Court would determine if probable cause exists. Fed. R. Crim. P. 32.1(b)(1)(A).

Here, Campbell did not dispute that probable cause existed and therefore he did not ask this Court to hold a preliminary hearing to determine if probable cause existed. Rather, Campbell implicitly waived a preliminary hearing by virtue of advising the Court that he wished to plead guilty to Violation Two on July 10, 2019. This Court then took, and accepted,

---

[2]If Campbell had filed a motion seeking to withdraw his guilty plea after this Court had accepted it, he would have to show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). But Campbell did not file a motion seeking to withdraw his guilty plea.

Campbell's guilty plea to Violation Two. The Court and both counsel agreed that there was a sufficient factual basis for that guilty plea.

What Defense Counsel is attempting to do now is, after having pleaded guilty to Violation Two, challenge the legal basis for that violation. Campbell now asserts that, while he admitted possessing the comic book, "as a matter of law," possessing drawings or cartoons "does not violate the special condition" at issue. (Def.'s Motion at 2).

The special condition at issue here provides that Campbell may "Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts 'sexually explicit conduct' involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and not patronize any place where such materials or entertainment are available." Thus, the special condition provides that Campbell may not possess: 1) a broad variety of forms of materials including, but not limited to, magazines and computer images; 2) that depict "sexually explicit conduct" as defined by § 2256(2); 3) that involves either children or adults.

The special condition at issue here uses the definition of "sexually explicit conduct" from 18 U.S.C. § 2256(2) in order to specify the subject matter, involving children or adults, that cannot be depicted in materials possessed by Campbell. That section defines the term "sexually explicit conduct" as follows:

> (2)(A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated--
>
> > (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> >
> > (ii) bestiality;
> >
> > (iii) masturbation;
> >
> > (iv) sadistic or masochistic abuse; or

> > (v) lascivious exhibition of the anus, genitals, or public area of any person;
>
> (B) For purposes of subsection 8(B) of this section, "sexually explicit conduct" means--
>
> > (i) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;
> >
> > (ii) graphic or lascivious simulated;
> >
> > > (I) bestiality;
> > >
> > > (II) masturbation; or
> > >
> > > (III) sadistic or masochistic abuse; or
> >
> > (iii) graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person;

18 U.S.C. § 2256(2). The "sexually explicit conduct" defined in § 2256(2) includes *both*: 1) a general definition of sexually explicit conduct (set forth in § 2256(2)(A)); and 2) a definition of sexually explicit conduct to be applied to child pornography (set forth in § 2256(2)(B)).

Notably, Campbell is not asserting that the comic book he admittedly possessed fails to meet the definition of "sexually explicit conduct" by reference to any portion of the language of § 2256(2).

Rather, he directs the Court to different subsections of the statute that relate to the definition of child pornography, and terms that relate to child pornography. In 18 U.S.C. § 2256(8) – a section of the statute not referenced in the special condition at issue – the statute defines the term "child pornography." Among other things, that subsection states that a visual depiction can constitute *child pornography* if it is "a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(B). A later section of the statute, that is also not

7

referenced in the special condition at issue here, provides that "the term 'indistinguishable' used with respect to a depiction, means virtually indistinguishable," and "does not apply to depictions that are drawings, cartoons, sculptures, or paintings." 18 U.S.C. § 2256(11).

This means that cartoons or drawings cannot constitute *child pornography* under the statute. And the Government acknowledges that. (*See* Govt.'s Br. at 6) (Noting that "for purposes of defining child pornography, under section 2256(2)(B), material that depicts 'sexually explicit conduct' does not appear to include anime, as the material must contain an image of a real, rather than a virtual, child. *United States v. Sheldon*, 223 Fed. App'x 478, 482-83(6th Cir. 2007).").

But Campbell has not been charged with possession of child pornography. The special condition he was charged with violating prohibits him from possessing *more than* child pornography. As the Government notes, it prohibits Campbell from possessing material that depicts "sexually explicit conduct" under Section 2256(2)(A), and that section is not limited by the later definition of "indistinguishable" that applies to child pornography. As the Government notes, the comic book that Campbell admitted to possessing includes a "character described as 'Mary-child' graphically portrayed as having sex with an adult character." That violates the special condition at issue.

Accordingly, Campbell's legal argument is without merit and his Motion to Dismiss is denied.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Campbell's Motion to Dismiss is

8

**DENIED.**

**IT IS FURTHER ORDERED** that sentencing for supervised release violation two shall take place on **Friday, October 18, 2019, at 10:30 a.m.**

**IT IS SO ORDERED.**

                                               s/Sean F. Cox
                                               Sean F. Cox
                                               United States District Judge

Dated: October 16, 2019